## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **JAMES JACKSON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:22CV00264 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **MIDDLE RIVER REGIONAL JAIL,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |
| | ) | |

*James Jackson, Pro Se Plaintiff.*

The plaintiff, James Jackson, a former Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. Jackson sues the Middle River Regional Jail over allegedly inadequate medical care for a knee condition resulting from a work accident at the jail in 2014. He moves to proceed in forma pauperis without prepayment of the filing costs of the action under 28 U.S.C. § 1915(b). That subsection applies only to prisoners, allowing them to consent to pay the filing fee through installments from their inmate trust accounts. As Jackson is not now a prisoner, this subsection does not apply to him. Nevertheless, after review of the Complaint, I will grant Jackson in forma pauperis status and summarily dismiss this action.

Jackson's factual allegations are sparse.  Apparently, he had an accidental injury to his knee and hand on a work assignment while he was in the jail in 2014. He alleges that unidentified jail staff provided X rays and prescribed steroids, which allegedly did not alleviate his pain.  Staff informed Jackson that X ray results were "unremarkable and degenerative."  Compl. Attach. 1, ECF No. 1-1.  Jackson states that he was released from jail on February 26, 2022.  *Id.*  He filed this § 1983 action on May 16, 2022.

Under 28 U.S.C. § 1915(e)(2)(B), when a case has been filed without prepayment of the filing fee, "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  Section 1983 permits an aggrieved party to file a civil action against a *person* for actions taken under color of state law that violated his constitutional rights.  *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).  A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Jackson identifies the defendant in this case as the jail itself.  A local jail facility itself cannot qualify as a *person* subject to being sued under § 1983.  *See McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) ("[T]he

jail is not a person under § 1983" and thus "lacks the capacity to be sued as a jail.");
*see also Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under
§ 1983, "liability will only lie where it is affirmatively shown that the official
charged acted personally in the deprivation of the plaintiff['s] rights") (internal
quotation marks, citation, and alteration omitted).  Thus, Jackson has no actionable
claim against the jail.

To the extent that Jackson may also be suing the jail authority that operates
the regional jail, his § 1983 claims also fail on the facts he has alleged.  Regional jail
authorities and other "[l]ocal governing bodies . . . can be sued directly under §1983
for monetary, declaratory, or injunctive relief where . . . the action that is alleged to
be unconstitutional implements or executes a policy statement, ordinance,
regulation, or decision officially adopted and promulgated by that body's officers."
*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).  The plaintiff must show
that a policy promulgated by the jail authority was "the moving force" behind the
deprivation of which he complains.  *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981)
(internal quotation marks and citation omitted).  That is, the entity's official policy
or custom must have played a part in the alleged violation of federal law.  *City of
Oklahoma City v. Tuttle*, 471 U.S. 808, 817–18 (1985).  Jackson has not alleged
sufficient facts to demonstrate that any jail policy caused a violation of his

constitutional rights, as required to present a viable § 1983 claim against the jail authority.

Because Jackson's § 1983 claims cannot proceed against the jail, as the only defendant he has named, I will summarily dismiss the action without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Such a dismissal leaves Jackson free to refile his claims in a new and separate civil action if he can correct the deficiencies described in this Opinion.[1]

An appropriate Order will enter this day.

DATED:  May 25, 2022

/s/  JAMES P. JONES
Senior United States District Judge

---

[1] My recognition of Jackson's opportunity to amend and resubmit his claims in a new and separate civil action should not be taken as a finding that his allegations, if particularized, might state a proper § 1983 claim. On the contrary, Jackson's current allegations do not state any actionable claim against anyone regarding his medical care at the jail. At the most, Jackson alleges that the treatment provided to him — X rays and medication — constituted inadequate medical care. An inmate's mere disagreements with the medical treatment that providers have prescribed for his injuries are not actionable under § 1983. *Harris v. Murray*, 761 F. Supp. 409, 414 (E.D. Va. 1990) ("It is not the function of this Court to second-guess the good faith medical judgments made by physicians or their staff concerning the treatment of inmates.") (citing *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975)); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").